ADAM GORDON
United States Attorney
Jill S. Streja
New York Bar No. 4856324
Assistant U.S. Attorney
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-8401

Attorneys for Plaintiff
United States of America

**FILED**

DEC 3 0 2025

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY　　　　　　NJ6　DEPUTY

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 25-CR-3467-DMS |
|---|---|
| Plaintiff, | PLEA AGREEMENT |
| v. | |
| JOSHUA GONZALEZ, | |
| Defendant. | |

IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF AMERICA, through its counsel, ADAM GORDON, United States Attorney, and Jill S. Streja and Evangeline A. Dech, Assistant United States Attorney, and defendant, JOSHUA GONZALEZ, with the advice and consent of Shaun A. Sullivan, counsel for defendant, as follows:

//
//
//
//
//
//
//

JSS:12/12/25

Def. Initials _____

I

## THE PLEA

A.   THE CHARGE

Defendant agrees to plead guilty to Count 4 of the Indictment charging Defendant as follows:

> On or about March 29, 2023, within the Southern District of California, defendants JOSE MONTES and JOSHUA GONZALEZ, did knowingly and intentionally distribute 40 grams and more, to wit: approximately 62.8 grams of a mixture and substance containing a detectable amount of N-Phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (commonly known as fentanyl), a Schedule II controlled substance; in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

B.   FORFEITURE

The Defendant consents to the forfeiture allegations of the Indictment and further agrees to the criminal, administrative and/or civil forfeiture of all properties seized in connection with this case. Defendant agrees all property(ies) are subject to forfeiture to the United States pursuant to Title 21, United States Code, Sections 853 and 881. Defendant consents and agrees to the immediate entry of order(s) of forfeiture as the Government deems necessary. Defendant agrees that upon execution of this plea agreement the Defendant's interest(s) in any and all seized properties is terminated. Defendant waives all rights to receive notices of any and all forfeitures. Defendant agrees that by signing this plea agreement he/she is immediately withdrawing any claims in pending administrative or civil forfeiture proceedings to properties seized in connection with this case. Defendant agrees to execute all documents requested by the Government to facilitate or complete the forfeiture process(es). Defendant further agrees not to contest, or to assist any other person

2

Def. Initials ___

Case No. 25cr3467DMS

or entity in contesting, the forfeiture of property seized in connection with this case. Contesting or assisting others in contesting the forfeiture shall constitute a material breach of the plea agreement, relieving the Government of all its obligations under the agreement including but not limited to its agreement to recommend an adjustment for Acceptance of Responsibility.

Defendant further waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise defendant of this, pursuant to Rule 11(b)(1)(J), at the time the Court accepts the guilty plea(s). Defendant further agrees to waive all constitutional and statutory challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this agreement, including any claim that the forfeiture constitutes an excessive fine or punishment under the United States Constitution. Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States and to testify truthfully in any judicial forfeiture proceeding. Defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if defendant had survived, and that determination shall be binding upon

3

Def. Initials _____

Case No. 25-CR-3467-DMS

defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full.

C.    ADDITIONAL AGREEMENTS

In return for the concessions made by the Government herein, Defendant agrees further as follows:

1.    Defendant will not file any substantive motions (including those described in Fed. R. Crim. P. 12, other than motions seeking bail review); and

2.    Upon acceptance of defendant's guilty plea by the District Court, and not withstanding any preservation order(s) entered by the District Court, the Government need not hold or preserve any evidence seized in connection with this case.

For any controlled substance seized in connection with this case, Defendant agrees that, following entry of Defendant's guilty plea, the Government may destroy the controlled substance 30 days after the Government has provided Defendant with the laboratory analysis report. If Defendant believes that additional testing is needed, Defendant will arrange for and complete such testing within that 30-day period, unless that period is extended by joint written agreement or Court order, in which case the Government shall preserve the controlled substance for the agreed-upon or judicially mandated period. If the court has issued a preservation order in connection with any seized evidence, Defendant will request that the Court lift or revoke the preservation order following entry of Defendant's guilty plea.

D.    DISMISSAL OF COUNTS

The Government agrees to (1) move to dismiss the remaining counts as to Defendant of the Indictment in Case No. 25-CR-3467-DMS without prejudice when Defendant is sentenced, and (2) not prosecute Defendant thereafter on such dismissed charges unless Defendant breaches the plea agreement or the guilty plea entered pursuant to this plea agreement

4

Def. Initials _____
Case No. 25-CR-3467-DMS

is set aside for any reason. If Defendant breaches this agreement or the guilty plea is set aside, Section XII below shall apply.

## II

### NATURE OF THE OFFENSE

A.    ELEMENTS EXPLAINED

The offenses to which Defendant is pleading guilty have the following elements:

1. Defendant knowingly distributed N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] Propanamide (commonly known as fentanyl); and

2. Defendant knew that it was fentanyl or some other federally controlled substance.

In addition, for purposes of sentencing, the Government would have to prove, beyond a reasonable doubt, that the amount of controlled substance involved in the offense was at least 40 grams of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] Propanamide (commonly known as fentanyl).

B.    ELEMENTS UNDERSTOOD AND ADMITTED – FACTUAL BASIS

Defendant has fully discussed the facts of this case with defense counsel.  Defendant has committed each element of the crimes, and admits that there is a factual basis for this guilty plea.  The following facts are true and undisputed:

### The Conspiracy

1.    Beginning no later than March 29, 2023, and continuing until at least February 18, 2025, Defendant agreed with Jose MONTES, Jovanni VILLA, aka "Rage," Mauricio ALVARADO, Angel CARRADA, aka "Big Loaf," aka "Loaf," and Alexis ULLOA to distribute quantities of methamphetamine and fentanyl, both Schedule II controlled substances, within the Southern District of California and elsewhere.

5

Def. Initials _____

Case No. 25-CR-3467-DMS

2.  During the time period provided above, Defendant obtained quantities of fentanyl from his co-conspirator and source of supply, co-defendant Jose MONTES, for purposes of further distribution.

3.  Defendant engaged in the distribution of fentanyl intending to help accomplish the object of the conspiracy to distribute methamphetamine and fentanyl. Defendant agrees that it was reasonably foreseeable that the conspiracy was responsible for the distribution of at least 8.59 kilograms of actual methamphetamine and approximately 353.59 grams of a mixture and substance containing a detectable amount of fentanyl. These federally controlled substances and quantities (1) fell within the scope of defendant's agreement with co-conspirators and (2) were reasonably foreseeable and in furtherance of the conspiracy. Specifically, the 8.59 kilograms of actual methamphetamine and 353.59 grams of fentanyl are comprised of sales and the mailing of parcels by Defendant and Defendant's co-conspirators.

## Count 4

4.  On or about March 29, 2023, Defendant negotiated on social media to sell another individual (the "buyer") 500 M-30 pills, counterfeit pills containing fentanyl, for $750. Defendant subsequently confirmed an address to meet for the sale in San Marcos, California, within the Southern District of California.

5.  Defendant informed the buyer that the buyer would meet with a male individual who would be driving a white truck, writing, "My bois going rn."

6.  The buyer arrived at the agreed-upon deal location in San Marcos, and a short time later, co-defendant Jose MONTES arrived, driving a white Chevrolet Colorado. The buyer got into the passenger seat of MONTES's vehicle, and MONTES sold the buyer 500 M-30 pills in exchange for $750. MONTES provided the buyer with his social media information to contact him for future transactions. Following the transaction, MONTES drove to Defendant's residence.

7.  DEA laboratory testing subsequently confirmed that the purchased substance described above consisted of approximately 561 pills containing N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] Propanamide (commonly known as fentanyl) with a net weight of 62.8 grams.

8.  Fentanyl is a Schedule II controlled substance.

6

Def. Initials _____

Case No. 25-CR-3467-DMS

9. Defendant knew the substance he was distributing was fentanyl.

Relevant Conduct

1. On or about August 6, 2023, Defendant negotiated on social media to sell another individual (the "buyer") "blue jeans," referencing fentanyl. Between August 9-10, 2023, Defendant and the buyer negotiated the sale of 1,000 M-30 pills, counterfeit pills containing fentanyl, for $2000. Defendant confirmed the pills were "blue" and stated that his "boy" would meet the buyer to complete the transaction.

2. On or about August 10, 2023, the buyer arrived at the agreed-upon transaction location within the Southern District of California and met Defendant, who was the passenger in a black Mercedes driven by another individual. The buyer gave Defendant a plastic bag in which to put the pills, which he did, and the buyer gave Defendant the money. Following the deal, DEA laboratory testing confirmed that the total count was only 748 tablets containing N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] Propanamide (commonly known as fentanyl) with a net weight of 81.9 grams, rather than the 1000 pills that had been negotiated.

3. Following the transaction, the buyer contacted Defendant about the discrepancy. Defendant arranged for his "boy" to bring the remaining pills to the buyer.

4. On August 17, 2023, co-defendant Alexis ULLOA met the buyer at the same location as on August 10, driving the same black Mercedes as in the August 10 transaction. ULLOA then provided the buyer with additional pills containing fentanyl and told the buyer to let him and Defendant know when more fentanyl was needed.

5. DEA laboratory testing subsequently confirmed that the purchased substance described above consisted of approximately 298 tablets containing N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] Propanamide (commonly known as fentanyl) with a net weight of 31.4 grams.

6. Fentanyl is a Schedule II controlled substance.

7. On the above dates, Defendant knew the substance he was distributing was fentanyl at the time he delivered it and arranged for its delivery.

//

//

7

Def. Initials _____
Case No. 25-CR-3467-DMS

## III

## PENALTIES

The crime to which defendant is pleading guilty carries the following penalties:

A.  a maximum of 40 years in custody, and a mandatory minimum of 5 years in custody;

B.  a maximum $5,000,000 fine;

C.  a mandatory special assessment of $100.00 per count;

D.  a term of supervised release of at least 4 years and up to life [Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison, upon any such revocation, all or part of the statutory maximum term of supervised release for the offense that resulted in such term of supervised release];

E.  Possible ineligibility for certain federal benefits; and

F.  Forfeiture to the United States of all property, real and personal, that constitutes or is derived from proceeds Defendant obtained, directly or indirectly, from the offense and forfeiture of all property, real and personal, used or intended to be used to commit or to facilitate the commission of the offense.

## IV

## DEFENDANT'S WAIVER OF TRIAL RIGHTS AND UNDERSTANDING OF CONSEQUENCES

This guilty plea waives defendant's right at trial to:

A.  Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt

B.  A speedy and public trial by jury;

C.  The assistance of counsel at all stages of trial;

D.  Confront and cross-examine adverse witnesses;

E.  Testify and present evidence and to have witnesses testify on behalf of defendant; and

F.  Not testify or have any adverse inferences drawn from the failure to testify.

8

Def. Initials _____

Case No. 25-CR-3467-DMS

## V

### DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION

Any information establishing the factual innocence of Defendant known to the undersigned prosecutor in this case has been turned over to Defendant. The Government will continue to provide such information establishing the factual innocence of defendant.

If this case proceeded to trial, the Government would be required to provide impeachment information for its witnesses. In addition, if Defendant raised an affirmative defense, the Government would be required to provide information in its possession that supports such a defense. By pleading guilty, defendant will not be provided this information, if any, and defendant waives any right to this information. Defendant will not attempt to withdraw the guilty plea or file a collateral attack on the existence of this information.

## VI

### DEFENDANT'S REPRESENTATION THAT GUILTY PLEA IS KNOWING AND VOLUNTARY

Defendant represents that:

A.    Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. By pleading guilty, Defendant may be giving up, and rendered ineligible to receive, valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. The conviction in this case may subject Defendant to various collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case; debarment from government contracting; and suspension or revocation of a professional license, none of which can serve as grounds to withdraw Defendant's guilty plea;

B.    No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the court;

9

Def. Initials _____

Case No. 25-CR-3467-DMS

C. No one has threatened Defendant or Defendant's family to induce this guilty plea;

D. Defendant is pleading guilty because Defendant is guilty and for no other reason; and

## VII

### AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE SOUTHERN DISTRICT OF CALIFORNIA

This plea agreement is limited to the United States Attorney's Office for the Southern District of California, and cannot bind any other authorities in any type of matter, although the Government will bring this plea agreement to the attention of other authorities if requested by Defendant.

## VIII

### APPLICABILITY OF SENTENCING GUIDELINES

The sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). In imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory. The Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. The sentence cannot be determined until a presentence report is prepared by the U.S. Probation Office and defense counsel and the Government have an opportunity to review and challenge the presentence report. **Defendant agrees to request that a presentence report be prepared**. Nothing in this plea agreement limits the Government's duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

//

10

Def. Initials _____

Case No. 25-CR-3467-DMS

## IX

## SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B).  The sentence is within the sole discretion of the sentencing judge who may impose the maximum sentence provided by statute.  It is uncertain at this time what Defendant's sentence will be.  The Government has not made and will not make any representation as to what sentence Defendant will receive.  Any estimate of the probable sentence by defense counsel is not a promise and is **not binding on the Court**.  Any recommendation made by the Government at sentencing is also not binding on the Court.  If the sentencing judge does not follow any of the parties' sentencing recommendations, Defendant will not withdraw the plea.

## X

## PARTIES' SENTENCING RECOMMENDATIONS

A.    SENTENCING GUIDELINE CALCULATIONS

Although the parties understand that the Guidelines are only advisory and just one of the factors the court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments and Departures (if applicable), based on the November 1, 2024 guidelines:

| | | |
|---|---|---|
| 1. | Base Offense Level [USSG § 2D1.1] | 38* |
| 2. | Safety Valve (if applicable) [§§ 2D1.1(b)(18) and 5C1.2] | -2** |
| 3. | Acceptance of Responsibility [§ 3E1.1] | -3 |

\*    A laboratory has weighed and performed a chemical analysis of the substances involved in this offense and has determined them to

11

Def. Initials _____

Case No. 25-CR-3467-DMS

contain approximately 8.59 kilograms of methamphetamine (actual) and 353.59 grams of a mixture and substance containing a detectable amount of fentanyl.   If defendant is determined to be a career offender pursuant to USSG § 4B1.1(a), the applicable base offense level shall be determined pursuant to USSG § 4B1.1(b).  Furthermore, defendant may be ineligible for any role reduction.

**If defendant meets the requirements for Safety Valve as provided under USSG §§ 2D1.1(b)(18) and 5C1.2, the United States will recommend a two-level reduction of the guidelines. If defendant fails to participate in an in-person debrief upon request, the United States may argue to the Court that defendant should not qualify for a Safety Valve reduction.

B.   ACCEPTANCE OF RESPONSIBILITY

Despite paragraph A above, the Government need not recommend an adjustment for Acceptance of Responsibility if Defendant engages in conduct inconsistent with acceptance of responsibility including, but not limited to, the following:

1. Fails to truthfully admit a complete factual basis as stated in the plea at the time the plea is entered, or falsely denies, or makes a statement inconsistent with, the factual basis set forth in this agreement;

2. Falsely denies prior criminal conduct or convictions;

3. Is untruthful with the Government, the Court or probation officer; or

4. Breaches this plea agreement in any way.

C.   FURTHER ADJUSTMENTS AND SENTENCE REDUCTIONS INCLUDING THOSE UNDER 18 U.S.C. § 3553

Defendant **may** request or recommend additional downward adjustments, departures, or variances from the Sentencing Guidelines under 18 U.S.C. § 3553. The Government will oppose any downward

12

Def. Initials _____

adjustments, departures, or variances not set forth in Section X, paragraph A above.

D.   NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY

The parties have **no** agreement as to Defendant's Criminal History Category, except that, if Defendant is determined to be a Career Offender, the parties agree that the Defendant is automatically a Criminal History Category VI pursuant to USSG § 4B1.1(b).

E.   "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION

The facts in the "factual basis" paragraph of this agreement are true and may be considered as "relevant conduct" under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

F.   PARTIES' RECOMMENDATIONS REGARDING CUSTODY

The Government agrees to recommend the greater of: a sentence within the advisory guideline range as calculated by the Government after incorporating a variance under Section 3553(a) equivalent to two levels under the Guidelines;[1] the statutory mandatory minimum sentence, if applicable; or the time served in custody at the time of sentencing.

G.   SPECIAL ASSESSMENT/FINE

1. Special Assessment

The parties will jointly recommend that Defendant pay a special assessment in the amount of $100.00 per felony count of conviction to be paid forthwith at time of sentencing. The special assessment shall

---

[1]   The recommendation for downward variance takes into account the expeditious resolution of the case, in that Defendant did not file any substantive motions, and Defendant's full waiver of appeal. The Government reserves the right to reduce its recommended departure if defendant does not proceed to sentencing on the first date set by the Court unless the parties agree to a continuance or sentencing is continued on the Court's own motion.

13

Def. Initials ____

Case No. 25-CR-3467-DMS

be paid through the Office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

2.    Fine

The parties will not recommend imposition of a fine due to Defendant's limited financial prospects and because the cost of collection, even taking into account the Inmate Responsibility Program, likely would exceed the amounts that could reasonably be expected to be collected.

H.    SUPERVISED RELEASE

The Government is free to recommend a period of supervised release.  If the Court imposes a term of supervised release, Defendant will not seek to reduce or terminate early the term of supervised release until Defendant has served at least two-thirds of the term of supervised release and has fully paid and satisfied any special assessments, fine, criminal forfeiture judgment and restitution judgment.

XI

**DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK**

Defendant waives (gives up) all rights to appeal and to collaterally attack every aspect of the conviction and sentence, including any forfeiture or restitution order. This waiver includes, but is not limited to, any argument that the statute of conviction or Defendant's prosecution is unconstitutional and any argument that the facts of this case do not constitute the crime charged. The only exception is Defendant may collaterally attack the conviction or sentence on the basis that Defendant received ineffective assistance of counsel.

14

Def. Initials _____

Case No. 25-CR-3467-DMS

If Defendant believes the Government's recommendation is not in accord with this plea agreement, Defendant will object at the time of sentencing; otherwise the objection will be deemed waived.

If at any time Defendant files a notice of appeal, appeals or collaterally attacks the conviction or sentence in violation of this plea agreement, said violation shall be a material breach of this agreement as further defined below.

## XII

## <u>BREACH OF THE PLEA AGREEMENT</u>

Defendant and Defendant's attorney know the terms of this agreement and shall raise, before the sentencing hearing is complete, any claim that the Government has not complied with this agreement. Otherwise, such claims shall be deemed waived (that is, deliberately not raised despite awareness that the claim could be raised), cannot later be made to any court, and if later made to a court, shall constitute a breach of this agreement.

Defendant breaches this agreement if defendant violates or fails to perform any obligation under this agreement. The following are non-exhaustive examples of acts constituting a breach:

A. Failing to plead guilty pursuant to this agreement;

B. Failing to fully accept responsibility as established in Section X, paragraph B, above;

C. Failing to appear in court;

D. Attempting to withdraw the plea;

E. Failing to abide by any court order related to this case;

F. Appealing (which occurs if a notice of appeal is filed) or collaterally attacking the conviction or sentence in violation of Section XI of this plea agreement; or

G. Engaging in additional criminal conduct from the time of arrest until the time of sentencing.

15

Def. Initials _____

Case No. 25-CR-3467-DMS

If Defendant breaches this plea agreement, Defendant will not be able to enforce any provisions, and the Government will be relieved of all its obligations under this plea agreement. For example, the Government may proceed to sentencing but recommend a different sentence than what it agreed to recommend above. Or the Government may pursue any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this agreement (Defendant agrees that any statute of limitations relating to such charges is tolled indefinitely as of the date all parties have signed this agreement; Defendant also waives any double jeopardy defense to such charges). In addition, the Government may move to set aside defendant's guilty plea. Defendant may not withdraw the guilty plea based on the Government's pursuit of remedies for Defendant's breach.

Additionally, if Defendant breaches this plea agreement: (i) any statements made by Defendant, under oath, at the guilty plea hearing (before either a Magistrate Judge or a District Judge); (ii) the factual basis statement in Section II.B in this agreement; and (iii) any evidence derived from such statements, are admissible against defendant in any prosecution of, or any action against, defendant. This includes the prosecution of the charge(s) that is the subject of this plea agreement or any charge(s) that the prosecution agreed to dismiss or not file as part of this agreement, but later pursues because of a breach by the Defendant. Additionally, Defendant knowingly, voluntarily, and intelligently waives any argument that the statements and any evidence derived from the statements should be suppressed, cannot be used by the Government, or are inadmissible under the United States Constitution, any statute, Rule 410 of the Federal Rules

16

Def. Initials
Case No. 25-CR-3467-DMS

of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and any other federal rule.

## XIII

### CONTENTS AND MODIFICATION OF AGREEMENT

This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral. No modification of this plea agreement shall be effective unless in writing signed by all parties.

## XIV

### DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, defendant certifies that defendant has read it (or that it has been read to defendant in defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

//
//
//
//
//
//
//
//
//
//
//
//
//

17

Def. Initials _____
Case No. 25-CR-3467-DMS

## XV

## <u>DEFENDANT SATISFIED WITH COUNSEL</u>

Defendant has consulted with counsel and is satisfied with counsel's representation. This is Defendant's independent opinion, and Defendant's counsel did not advise Defendant about what to say in this regard.

Respectfully submitted,

ADAM GORDON
United States Attorney

DATED ___12/17/25___

JILL STREJA
EVANGELINE A. DECH
Assistant United States Attorneys

DATED ___12/16/2025___

SHAUN A. SULLIVAN
Defense Counsel

**IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE.**

DATED ___12/16/2025___

JOSHUA GONZALEZ
Defendant

18

Def. Initials ___
Case No. 25-CR-3467-DMS