ADAM GORDON
United States Attorney
JILL S. STREJA
Assistant U.S. Attorney
New York Bar No. 4856324
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-8401
Email: jill.streja@usdoj.gov

Attorneys for Plaintiff
United States of America

FILED

JAN 1 5 2026

Clerk, U.S. District Court
Southern District of California
By _____ Deputy

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No.: 25-CR-3467-DMS |
|---|---|
| Plaintiff, | PLEA AGREEMENT |
| v. | |
| MAURICIO ALVARADO, | |
| Defendant. | |

IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF AMERICA, through its counsel, Adam Gordon, United States Attorney, and Jill S. Streja and Evangeline A. Dech, Assistant United States Attorneys, and defendant, MAURICIO ALVARADO, with the advice and consent of Marcus S. Bourassa, counsel for Defendant, as follows:

//
//
//
//
//
//

Def. Initials *M.A*

# I.

## THE PLEA

### A.    THE CHARGES

Defendant agrees to waive indictment and plead guilty to a two-count Superseding Information, charging Defendant with Engaging in the Business of Dealing Firearms Without a License, in violation of Title 18, United States Code, Sections 922(a)(1)(A), 923(a), 924(a)(1)(D), and 2, and Distribution of Fentanyl, in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

### B. FORFEITURE

The Defendant consents to the forfeiture allegations of the Superseding Information and further agrees to the criminal, administrative and/or civil forfeiture of all properties seized in connection with this case.  Defendant agrees all property(ies) are subject to forfeiture to the United States pursuant to Title 21, United States Code, Sections 853 and 881. Defendant consents and agrees to the immediate entry of order(s) of forfeiture as the Government deems necessary. Defendant agrees that upon execution of this plea agreement the Defendant's interest(s) in any and all seized properties is terminated.  Defendant waives all rights to receive notices of any and all forfeitures. Defendant agrees that by signing this plea agreement he/she is immediately withdrawing any claims in pending administrative or civil forfeiture proceedings to properties seized in connection with this case. Defendant agrees to execute all documents requested by the Government to facilitate or complete the forfeiture process(es). Defendant further agrees not to contest, or to assist any other person or entity in contesting, the forfeiture of property seized in connection with this case. Contesting or assisting others in contesting the

2                                                    Def. Initials _M,A_
                                                     25-CR-3467-DMS

forfeiture shall constitute a material breach of the plea agreement, relieving the Government of all its obligations under the agreement including but not limited to its agreement to recommend an adjustment for Acceptance of Responsibility.

Defendant further waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise defendant of this, pursuant to Rule 11(b)(1)(J), at the time the Court accepts the guilty plea(s). Defendant further agrees to waive all constitutional and statutory challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this agreement, including any claim that the forfeiture constitutes an excessive fine or punishment under the United States Constitution. Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States and to testify truthfully in any judicial forfeiture proceeding. Defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full.

//

3

Def. Initials *M.A*
25-CR-3467-DMS

C.   ADDITIONAL AGREEMENTS

In return for the concessions made by the Government herein, Defendant agrees further as follows:

1.   Defendant will not file any substantive motions (including those described in Fed. R. Crim. P. 12, other than motions seeking bail review); and

2.   Upon acceptance of defendant's guilty plea by the District Court, and not withstanding any preservation order(s) entered by the District Court, the Government need not hold or preserve any evidence seized in connection with this case.

For any controlled substance seized in connection with this case, Defendant agrees that, following entry of Defendant's guilty plea, the Government may destroy the controlled substance 30 days after the Government has provided Defendant with the laboratory analysis report. If Defendant believes that additional testing is needed, Defendant will arrange for and complete such testing within that 30-day period, unless that period is extended by joint written agreement or Court order, in which case the Government shall preserve the controlled substance for the agreed-upon or judicially mandated period. If the court has issued a preservation order in connection with any seized evidence, Defendant will request that the Court lift or revoke the preservation order following entry of Defendant's guilty plea.

D.   DISMISSAL OF COUNTS

The Government agrees to (1) move to dismiss the remaining counts as to Defendant of the Indictment in Case No. 25-CR-3467-DMS without prejudice when Defendant is sentenced, and (2) not prosecute Defendant thereafter on such dismissed charges unless Defendant breaches the plea agreement or the guilty plea entered pursuant to this plea agreement is set aside for any reason. If Defendant breaches this agreement or the guilty plea is set aside, Section XII below shall apply.

4

Def. Initials *M.A*
25-CR-3467-DMS

## II

## NATURE OF THE OFFENSE

A.   ELEMENTS EXPLAINED

The offense to which Defendant is pleading guilty in Count 1 has the following elements:

> 1.   Defendant was willfully engaged in the business of dealing in firearms within the dates specified in the Superseding Information; and
>
> 2.   Defendant did not then have a license as a firearms dealer.

The offense to which Defendant is pleading guilty in Count 2 has the following elements:

> 1.   Defendant knowingly distributed N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] Propanamide (commonly known as fentanyl); and
>
> 2.   Defendant knew that it was fentanyl or some other federally controlled substance.

B.   ELEMENTS UNDERSTOOD AND ADMITTED – FACTUAL BASIS

Defendant has fully discussed the facts of this case with defense counsel.   Defendant has committed each element of the crimes and admits that there is a factual basis for this guilty plea.   The following facts are true and undisputed:

### The Conspiracy

1.   Beginning no later than March 29, 2023, and continuing until at least December 3, 2024, Defendant agreed with Jose MONTES, Jovanni VILLA, aka "Rage," Joshua GONZALEZ, Angel CARRADA, aka "Big Loaf," aka "Loaf," and Alexis ULLOA to distribute quantities of methamphetamine and fentanyl, both Schedule II controlled substances, within the Southern District of California and elsewhere.

2.   During the time period provided above, Defendant obtained quantities of fentanyl from his co-conspirator and source of supply, co-defendant Jose MONTES, for purposes of further distribution.

5

Def. Initials _M.A_
25-CR-3467-DMS

3.  Defendant engaged in the distribution of fentanyl intending to help accomplish the object of the conspiracy to distribute methamphetamine and fentanyl. Defendant agrees that it was reasonably foreseeable that the conspiracy was responsible for the distribution of at least 8.59 kilograms of actual methamphetamine and approximately 353.59 grams of a mixture and substance containing a detectable amount of fentanyl. These federally controlled substances and quantities (1) fell within the scope of defendant's agreement with co-conspirators and (2) were reasonably foreseeable and in furtherance of the conspiracy. Specifically, the 8.59 kilograms of actual methamphetamine and 353.59 grams of fentanyl are comprised of sales and the mailing of parcels by Defendant and Defendant's co-conspirators.

### Count 1

4.  On or about April 5, 2023, co-defendant Jose MONTES sold an individual (the "buyer") a quantity of methamphetamine (actual), a quantity of fentanyl, and a Glock 42 pistol. MONTES and the buyer continued communicating via social media leading up to June 13, 2023, during which time MONTES negotiated the sale of an AR-style rifle for $1,600. MONTES told the buyer that the firearm was "the homies" and told the buyer that his "boy" would deliver it in a white truck.

5.  On June 13, 2023, the buyer drove to the pre-arranged transaction location in Escondido, California, within the Southern District of California, where he met with Defendant, who was waiting inside a white truck.

6.  Defendant entered the buyer's vehicle to conduct the transaction. During the deal, the buyer asked Defendant if the firearm was an "AR-9." Defendant contacted co-defendant MONTES and confirmed for the buyer that the firearm was an AR pistol. The buyer provided Defendant with $1,600 in exchange for the firearm.

7.  The firearm described above was a privately made firearm, specifically an AR 9-millimeter pistol, bearing no serial number.

8.  MONTES and the buyer continued communicating on social media, and on September 5, 2023, they negotiated the sale of a revolver for $1,000. MONTES also added co-defendant Angel CARRADA to the conversation over social media. The following day, on September 6, 2023, the buyer drove to the pre-arranged transaction location in San Marcos, California, within the Southern District of California. MONTES again told the buyer that his "boy" would be delivering the firearm. Defendant then arrived to the deal location, and the buyer entered Defendant's

6

Def. Initials *McA*
25-CR-3467-DMS

vehicle and gave Defendant the money. In exchange, Defendant gave the buyer a plastic bag containing a revolver and ammunition. At the end of the transaction, Defendant told the buyer, "See you next time," and that he would be making "runs" on behalf of MONTES.

9. The firearm and ammunition referenced above consisted of a Smith & Wesson revolver, Model: 60 Ladysmith, Caliber: .38, bearing serial number BSE5414, and six rounds of Smith & Wesson ammunition, Caliber: .38.

10. Both firearms described above functioned properly.

11. When Defendant sold the firearms described above to the buyer, Defendant did not have a license as a firearms dealer. Defendant sold the firearms intending for others to make a profit.

## Count 2

12. On or about August 24, 2023, after co-defendant Jose MONTES negotiated on social media to sell another individual (the "buyer") 500 pills of fentanyl for $1 each and arranged the details of the transaction, MONTES told the buyer that his "boy" was arriving in a grey Jeep. Defendant then arrived to the agreed-upon meet location driving a grey Jeep with co-defendant CARRADA in the passenger seat. Defendant parked the vehicle and the buyer walked over to the passenger window. CARRADA then gave the buyer the pills through the passenger window and collected the money.

13. DEA laboratory testing subsequently confirmed that the purchased substance described above in fact consisted of approximately 481 pills containing N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] Propanamide (commonly known as fentanyl) with a net weight of 51 grams.

14. Fentanyl is a Schedule II controlled substance.

15. Defendant knew the substance that he, MONTES, and CARRADA were distributing was fentanyl.

## Relevant Conduct

16. On July 22, 2024, Defendant entered a Post Office within the Southern District of California and mailed a parcel to Highland Park, MI 48203 with a return address in Escondido, CA. The package was seized, searched by law enforcement pursuant to a federal search warrant, and found to contain suspected methamphetamine.

7

Def. Initials M.A
25-CR-3467-DMS

17.  USPS laboratory testing confirmed the substance contained approximately 6,449.93 grams of methamphetamine (actual).

18.  Methamphetamine (actual) is a Schedule II controlled substance.

19.  Defendant knew the substance he was distributing through the USPS was ~~methamphetamine~~ some form of illegal drug at the time he mailed it.    TJN

MA

MSB

III

**PENALTIES**

Defendant understands that the crimes to which defendant is pleading guilty carry the following penalties:

Count 1

A.   a maximum of 5 years in custody;

B.   a maximum $250,000 fine;

C.   a mandatory special assessment of $100.00 per count;

D.   a term of supervised release of no more than 3 years [Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison, upon any such revocation, all or part of the statutory maximum term of supervised release for the offense that resulted in such term of supervised release];

E.   forfeiture to the United States of all property, real and personal, that constitutes or is derived from proceeds Defendant obtained, directly or indirectly, from the offense and forfeiture of all property, real and personal, used or intended to be used to commit or to facilitate the commission of the offense; and

F.   possible ineligibility of certain federal benefits.

Count 2

A.   a maximum 20 years in prison;

B.   a maximum $1,000,000 fine;

C.   a mandatory special assessment of $100;

D.   a term of supervised release of at least 3 years and up to life (Defendant understands that failure to comply with any of the conditions of supervised release may result in

8

Def. Initials  M.A

25-CR-3467-DMS

revocation of supervised release, requiring Defendant to serve in prison, upon any such revocation, all or part of the statutory maximum term of supervised release for the offense that resulted in such term of supervised release); and

E.    Possible ineligibility for certain federal benefits; and

F.    Forfeiture to the United States of all property, real and personal, that constitutes or is derived from proceeds Defendant obtained, directly or indirectly, from the offense and forfeiture of all property, real and personal, used or intended to be used to commit or to facilitate the commission of the offense.

## IV

### DEFENDANT'S WAIVER OF TRIAL RIGHTS AND UNDERSTANDING OF CONSEQUENCES

This guilty plea waives Defendant's right at trial to:

A.    Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B.    A speedy and public trial by jury;

C.    The assistance of counsel at all stages of trial;

D.    Confront and cross-examine adverse witnesses;

E.    Testify and present evidence and to have witnesses testify on behalf of defendant; and

G.    Not testify or have any adverse inferences drawn from the failure to testify.

## V

### DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION

Any information establishing the factual innocence of Defendant known to the undersigned prosecutor in this case has been turned over to Defendant. The Government will continue to provide such information establishing the factual innocence of defendant.

If this case proceeded to trial, the Government would be required to provide impeachment information for its witnesses. In addition, if Defendant raised an affirmative defense, the Government would be

9

Def. Initials _M.A_
25-CR-3467-DMS

required to provide information in its possession that supports such a defense. By pleading guilty, defendant will not be provided this information, if any, and defendant waives any right to this information. Defendant will not attempt to withdraw the guilty plea or file a collateral attack on the existence of this information.

## VI

## DEFENDANT'S REPRESENTATION THAT GUILTY PLEA IS KNOWING AND VOLUNTARY

Defendant represents that:

A.   Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. By pleading guilty, Defendant may be giving up, and rendered ineligible to receive, valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. The conviction in this case may subject Defendant to various collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case; debarment from government contracting; and suspension or revocation of a professional license, none of which can serve as grounds to withdraw Defendant's guilty plea;

B.   No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the court;

C.   No one has threatened Defendant or Defendant's family to induce this guilty plea;

B.   Defendant is pleading guilty because Defendant is guilty and for no other reason.

## VII

## AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE, SOUTHERN DISTRICT OF CALIFORNIA

This plea agreement is limited to the United States Attorney's Office for the Southern District of California and cannot bind any other authorities in any type of matter, although the Government will bring this plea agreement to the attention of other authorities if requested by Defendant.

10

Def. Initials _M.A_

25-CR-3467-DMS

## VIII

### APPLICABILITY OF SENTENCING GUIDELINES

The sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). In imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory. The Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. The sentence cannot be determined until a presentence report is prepared by the U.S. Probation Office and defense counsel and the Government have an opportunity to review and challenge the presentence report. **Defendant agrees to request that a presentence report be prepared**. Nothing in this plea agreement limits the Government's duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

### IX

### SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The sentence is within the sole discretion of the sentencing judge who may impose the maximum sentence provided by statute. It is uncertain at this time what Defendant's sentence will be. The Government has not made and will not make any representation as to what sentence Defendant will receive. Any estimate of the probable sentence by defense counsel is not a promise and is **not binding on the Court**. Any recommendation made by the Government at sentencing is also not binding on the Court. If the sentencing judge does not follow any

11

Def. Initials *M.A*
25-CR-3467-DMS

of the parties' sentencing recommendations, Defendant will not withdraw the plea.

## X

## PARTIES' SENTENCING RECOMMENDATIONS

A.    SENTENCING GUIDELINE CALCULATIONS

Although the Guidelines are only advisory and just one factor the Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments, and Departures:

### Counts 1 and 2[1]

| | | |
|---|---|---|
| 1. | Base Offense Level [§2D1.1] | 38* |
| 2. | Poss. of Dangerous Weapon (including a firearm) [§2D1.1(b)(1)] | +2 |
| 3. | Acceptance of Responsibility [§ 3E1.1] | -3 |

\*    **A laboratory has weighed and performed a chemical analysis of the substances involved in this offense and has determined them to contain approximately 8.59 kilograms of methamphetamine (actual) and 353.59 grams of a mixture and substance containing a detectable amount of fentanyl.  If defendant is determined to be a career offender pursuant to USSG § 4B1.1(a), the applicable base offense level shall be determined pursuant to USSG § 4B1.1(b).  Furthermore, defendant may be ineligible for any role reduction.**

B.    ACCEPTANCE OF RESPONSIBILITY

Despite paragraph A above, the Government need not recommend an adjustment for Acceptance of Responsibility if defendant engages in

---

[1] The parties agree that Counts 1 and 2 group under §§ 3D1.2 to 3D1.4.

12

Def. Initials M.A

25-CR-3467-DMS

conduct inconsistent with acceptance of responsibility including, but not limited to, the following:

1. Fails to truthfully admit a complete factual basis as stated in the plea at the time the plea is entered, or falsely denies, or makes a statement inconsistent with, the factual basis set forth in this agreement;

2. Falsely denies prior criminal conduct or convictions;

3. Is untruthful with the Government, the Court or probation officer; or

4. Breaches this plea agreement in any way.

C. FURTHER ADJUSTMENTS AND SENTENCE REDUCTIONS INCLUDING THOSE UNDER 18 U.S.C. § 3553

Defendant **may** request or recommend additional downward adjustments, departures, or variances from the Sentencing Guidelines under 18 U.S.C. § 3553. The Government will oppose any downward adjustments, departures, or variances not set forth in Section X, paragraph A above.

D. NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY

The parties have **no** agreement as to Defendant's Criminal History Category, except that, if Defendant is determined to be a Career Offender, the parties agree that the Defendant is automatically a Criminal History Category VI pursuant to USSG § 4B1.1(b).

E. "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION

The facts in the "factual basis" paragraph of this agreement are true and may be considered as "relevant conduct" under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

F. PARTIES' RECOMMENDATIONS REGARDING CUSTODY

The Government agrees to recommend the greater of: a sentence within the advisory guideline range as calculated by the Government after incorporating a variance under Section 3553(a) equivalent to two levels

13

Def. Initials **M.A**
25-CR-3467-DMS

M.A.
MSB

under the Guidelines;[2] ~~the statutory mandatory minimum sentence, if applicable;~~ or the time served in custody at the time of sentencing.

G.    SPECIAL ASSESSMENT/FINE

1. Special Assessment

The parties will jointly recommend that Defendant pay a special assessment in the amount of $100.00 per felony count of conviction to be paid forthwith at time of sentencing. The special assessment shall be paid through the Office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

2.    Fine

The parties have no agreement regarding a fine. The United States may recommend the imposition of a fine, and Defendant may oppose.

H.    SUPERVISED RELEASE

The Government is free to recommend a period of supervised release. If the Court imposes a term of supervised release, Defendant will not seek to reduce or terminate early the term of supervised release until Defendant has served at least two-thirds of the term of supervised release and has fully paid and satisfied any special assessments, fine, criminal forfeiture judgment and restitution judgment.

//

//

//

---

[2] The recommendation for downward variance takes into account the expeditious resolution of the case, in that Defendant did not file any substantive motions, and Defendant's full waiver of appeal. The Government reserves the right to reduce its recommended departure if defendant does not proceed to sentencing on the first date set by the Court unless the parties agree to a continuance or sentencing is continued on the Court's own motion.

14

Def. Initials M.A
25-CR-3467-DMS

## XI

## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

Defendant waives (gives up) all rights to appeal and to collaterally attack every aspect of the conviction and sentence, including any forfeiture or restitution order. This waiver includes, but is not limited to, any argument that the statute of conviction or Defendant's prosecution is unconstitutional and any argument that the facts of this case do not constitute the crime charged. The only exception is Defendant may collaterally attack the conviction or sentence on the basis that Defendant received ineffective assistance of counsel.

If Defendant believes the Government's recommendation is not in accord with this plea agreement, Defendant will object at the time of sentencing; otherwise the objection will be deemed waived.

If at any time Defendant files a notice of appeal, appeals or collaterally attacks the conviction or sentence in violation of this plea agreement, said violation shall be a material breach of this agreement as further defined below.

## XII

## BREACH OF THE PLEA AGREEMENT

Defendant and Defendant's attorney know the terms of this agreement and shall raise, before the sentencing hearing is complete, any claim that the Government has not complied with this agreement. Otherwise, such claims shall be deemed waived (that is, deliberately not raised despite awareness that the claim could be raised), cannot later be made to any court, and if later made to a court, shall constitute a breach of this agreement.

15

Def. Initials _MiA_
25-CR-3467-DMS

Defendant breaches this agreement if defendant violates or fails to perform any obligation under this agreement. The following are non-exhaustive examples of acts constituting a breach:

A. Failing to plead guilty pursuant to this agreement;

B. Failing to fully accept responsibility as established in Section X, paragraph B, above;

C. Failing to appear in court;

D. Attempting to withdraw the plea;

E. Failing to abide by any court order related to this case;

F. Appealing (which occurs if a notice of appeal is filed) or collaterally attacking the conviction or sentence in violation of Section XI of this plea agreement; or

G. Engaging in additional criminal conduct from the time of arrest until the time of sentencing.

If Defendant breaches this plea agreement, Defendant will not be able to enforce any provisions, and the Government will be relieved of all its obligations under this plea agreement. For example, the Government may proceed to sentencing but recommend a different sentence than what it agreed to recommend above. Or the Government may pursue any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this agreement (Defendant agrees that any statute of limitations relating to such charges is tolled indefinitely as of the date all parties have signed this agreement; Defendant also waives any double jeopardy defense to such charges). In addition, the Government may move to set aside defendant's guilty plea. Defendant may not withdraw the guilty plea based on the Government's pursuit of remedies for Defendant's breach.

Additionally, if Defendant breaches this plea agreement: (i) any statements made by Defendant, under oath, at the guilty plea hearing (before either a Magistrate Judge or a District Judge); (ii) the factual

16

Def. Initials *M.A*

25-CR-3467-DMS

basis statement in Section II.B in this agreement; and (iii) any evidence derived from such statements, are admissible against defendant in any prosecution of, or any action against, defendant. This includes the prosecution of the charge(s) that is the subject of this plea agreement or any charge(s) that the prosecution agreed to dismiss or not file as part of this agreement, but later pursues because of a breach by the Defendant. Additionally, Defendant knowingly, voluntarily, and intelligently waives any argument that the statements and any evidence derived from the statements should be suppressed, cannot be used by the Government, or are inadmissible under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and any other federal rule.

## XIII

## CONTENTS AND MODIFICATION OF AGREEMENT

This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral. No modification of this plea agreement shall be effective unless in writing signed by all parties.

## XIV

## DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, defendant certifies that defendant has read it (or that it has been read to defendant in defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

//
//
//
//

17

Def. Initials _M.A_
25-CR-3467-DMS

## XV

## DEFENDANT SATISFIED WITH COUNSEL

Defendant has consulted with counsel and is satisfied with counsel's representation. This is defendant's independent opinion, and defendant's counsel did not advise defendant about what to say in this regard.

Respectfully submitted,

ADAM GORDON
United States Attorney

DATED  1/9/26

JILL S. STREJA
EVANGELINE A. DECH
Assistant U.S. Attorneys

DATED  1/7/26

MARCUS S. BOURASSA
Defense Counsel

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE.

DATED  1/7/26

MAURICIO ALVARADO
MAURICIO ALVARADO
Defendant

Def. Initials M.A
25-CR-3467-DMS