ADAM GORDON
United States Attorney
JILL S. STREJA
EVANGELINE A. DECH
Assistant U.S. Attorneys
New York Bar No. 4856324
California Bar No. 326832
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-8401/9744
Email: jill.streja@usdoj.gov
        evangeline.dech@usdoj.gov

Attorneys for Plaintiff
United States of America



FILED

Apr 07 2026

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY    s/ CarolinaLopez    DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 25-CR-3467-DMS |
| Plaintiff, | PLEA AGREEMENT |
| v. | |
| JOSE MONTES (1), | |
| Defendant. | |

IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF AMERICA, through its counsel, Adam Gordon, United States Attorney, and Jill S. Streja and Evangeline A. Dech, Assistant United States Attorneys, and defendant, JOSE MONTES, with the advice and consent of Meghan Annette Blanco, counsel for Defendant, as follows:

//
//
//
//
//
//

Def. Initials _____

## I.

## **THE PLEA**

A.   THE CHARGES

Defendant agrees to waive indictment and plead guilty to Counts 1 and 2 of a Superseding Information, charging Defendant with Conspiracy to Distribute Controlled Substances, in violation of Title 21, United States Code, Sections 841(a)(1) and 846, and Engaging in the Business of Dealing Firearms Without a License, in violation of Title 18, United States Code, Sections 922(a)(1)(A), 923(a), 924(a)(1)(D), and 2.

**This plea agreement is part of a "package" disposition.  In order for defendant to receive the benefit of this agreement, co-defendant Jovanni VILLA also must plead guilty at the same time. See Section VI.E. below.**

B. FORFEITURE

The Defendant consents to the forfeiture allegations of the Superseding Information and further agrees to the criminal, administrative and/or civil forfeiture of all properties seized in connection with this case.  Defendant agrees all property(ies) are subject to forfeiture to the United States pursuant to Title 21, United States Code, Sections 853 and 881. Defendant consents and agrees to the immediate entry of order(s) of forfeiture as the Government deems necessary. Defendant agrees that upon execution of this plea agreement the Defendant's interest(s) in any and all seized properties is terminated.  Defendant waives all rights to receive notices of any and all forfeitures. Defendant agrees that by signing this plea agreement he/she is immediately withdrawing any claims in pending administrative or civil forfeiture proceedings to properties seized in connection with this case. Defendant agrees to execute all documents requested by the

2                           Def. Initials _____
25-CR-3467-DMS

Government to facilitate or complete the forfeiture process(es). Defendant further agrees not to contest, or to assist any other person or entity in contesting, the forfeiture of property seized in connection with this case. Contesting or assisting others in contesting the forfeiture shall constitute a material breach of the plea agreement, relieving the Government of all its obligations under the agreement including but not limited to its agreement to recommend an adjustment for Acceptance of Responsibility.

Defendant further waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise defendant of this, pursuant to Rule 11(b)(1)(J), at the time the Court accepts the guilty plea(s). Defendant further agrees to waive all constitutional and statutory challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this agreement, including any claim that the forfeiture constitutes an excessive fine or punishment under the United States Constitution. Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States and to testify truthfully in any judicial forfeiture proceeding. Defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if defendant had survived, and that determination

3

Def. Initials _____

25-CR-3467-DMS

shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full.

C.    ADDITIONAL AGREEMENTS

In return for the concessions made by the Government herein, Defendant agrees further as follows:

1.    Defendant will not file any substantive motions (including those described in Fed. R. Crim. P. 12, other than motions seeking bail review); and

2.    Upon acceptance of defendant's guilty plea by the District Court, and not withstanding any preservation order(s) entered by the District Court, the Government need not hold or preserve any evidence seized in connection with this case.

For any controlled substance seized in connection with this case, Defendant agrees that, following entry of Defendant's guilty plea, the Government may destroy the controlled substance 30 days after the Government has provided Defendant with the laboratory analysis report. If Defendant believes that additional testing is needed, Defendant will arrange for and complete such testing within that 30-day period, unless that period is extended by joint written agreement or Court order, in which case the Government shall preserve the controlled substance for the agreed-upon or judicially mandated period. If the court has issued a preservation order in connection with any seized evidence, Defendant will request that the Court lift or revoke the preservation order following entry of Defendant's guilty plea.

D.    DISMISSAL OF COUNTS

The Government agrees to (1) move to dismiss the Indictment in Case No. 25-CR-3467-DMS as to Defendant without prejudice when Defendant is sentenced, and (2) not prosecute Defendant thereafter on such dismissed charges unless Defendant breaches the plea agreement or the guilty plea

4

Def. Initials _____
25-CR-3467-DMS

entered pursuant to this plea agreement is set aside for any reason. If Defendant breaches this agreement or the guilty plea is set aside, Section XII below shall apply.

## II

### NATURE OF THE OFFENSE

A.    ELEMENTS EXPLAINED

The offense to which Defendant is pleading guilty in **Count 1** has the following elements:

1.    Within the dates specified in the Superseding Information, there was an agreement between two or more persons to distribute methamphetamine and N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (commonly known as fentanyl); and

2.    Defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose.

In addition, for purposes of sentencing, the Government would have to prove, beyond a reasonable doubt, that the amount of controlled substances involved in the offense was at least 5 grams of methamphetamine (actual) and at least 40 grams of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] Propanamide (commonly known as fentanyl).

The offense to which Defendant is pleading guilty in **Count 2** has the following elements:

1.    Defendant was willfully engaged in the business of dealing in firearms within the dates specified in the Superseding Information; and

2.    Defendant did not then have a license as a firearms dealer.

B.    ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS

Defendant has fully discussed the facts of this case with defense counsel.  Defendant has committed each element of the crimes and admits

5

Def. Initials
25-CR-3467-DMS

that there is a factual basis for this guilty plea.  The following facts are true and undisputed:

### Count 1

1.  Beginning no later than March 29, 2023, and continuing until at least February 18, 2025, Defendant agreed with Jovanni VILLA, aka "Rage," Joshua GONZALEZ, Mauricio ALVARADO, Angel CARRADA, aka "Big Loaf," aka "Loaf," and Alexis ULLOA to distribute quantities of methamphetamine and fentanyl, both Schedule II controlled substances, within the Southern District of California and elsewhere.

2.  Defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose.

3.  Defendant supplied and engaged in the distribution of fentanyl and methamphetamine intending to help accomplish the object of the conspiracy to distribute methamphetamine and fentanyl. Defendant agrees that it was reasonably foreseeable that the conspiracy was responsible for the distribution of at least 8.59 kilograms of actual methamphetamine and approximately 353.59 grams of a mixture and substance containing a detectable amount of fentanyl. These federally controlled substances and quantities (1) fell within the scope of defendant's agreement with co-conspirators and (2) were reasonably foreseeable and in furtherance of the conspiracy.  Specifically, the 8.59 kilograms of actual methamphetamine and 353.59 grams of fentanyl are comprised of sales and the mailing of parcels by Defendant and Defendant's co-conspirators.

4.  During the time period provided above, Defendant supplied quantities of fentanyl and methamphetamine to his co-conspirators for purposes of further distribution. Defendant also knowingly distributed fentanyl and/or methamphetamine on March 29, 2023; April 5, 2023; May 19, 2023; and August 24, 2023, as follows:

    a. On or about March 29, 2023, co-defendant Joshua GONZALEZ negotiated on social media to sell another individual (the "buyer") 500 M-30 pills, counterfeit pills containing fentanyl, for $750. GONZALEZ subsequently confirmed an address to meet for the sale in San Marcos, California, within the Southern District of California. GONZALEZ informed the buyer

6

Def. Initials _____

25-CR-3467-DMS

that the buyer would meet with a male individual who would be driving a white truck, writing, "My bois going rn."

b. Defendant met the buyer at the agreed-upon deal location in a white Chevrolet Colorado. The buyer got into the passenger seat of Defendant's vehicle, and Defendant sold the buyer 500 M-30 pills in exchange for $750. Defendant told the buyer he had additional contraband for sale, including six pounds of methamphetamine and a firearm. At the conclusion of the transaction, Defendant provided the buyer with his social media information to contact for future transactions.

c. DEA laboratory testing subsequently confirmed that the purchased substance consisted of approximately 561 pills containing N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (commonly known as fentanyl) with a net weight of 62.8 grams.

d. After exchanging social media contact information, Defendant agreed to sell the buyer one pound of methamphetamine, 1,000 M30 pills for $1,000, and a Glock-42 pistol, further discussed below. On April 5, 2023, the buyer met Defendant at a location in Escondido, California, within the Southern District of California. During the meeting, Defendant gave the buyer approximately 422 grams of pure methamphetamine and 1029 pills containing approximately 112.6 grams of fentanyl, as well as a Glock, Model: 42, semi-automatic .380 caliber pistol, for a total of $3,900. DEA laboratory testing subsequently confirmed the above-described drug types and weights.

e. Defendant maintained contact with the buyer. On May 19, 2023, Defendant met with the buyer at a location in Escondido, California, within the Southern District of California. During the meeting, Defendant gave the buyer a plastic bag containing approximately 432 grams of methamphetamine in exchange for $1,000. DEA laboratory testing confirmed that the purchased substance contained 432 grams of pure methamphetamine.

f. On August 24, 2023, Defendant reached out to the buyer on social media and negotiated to sell the buyer 500 pills of fentanyl for $1 each, writing "if anyone needs blues pa I got em for a buck." After Defendant

7

Def. Initials _____

25-CR-3467-DMS

arranged the details of the transaction, Defendant told the buyer that his "boy" was arriving in a grey Jeep. Co-defendant Mauricio ALVARADO then arrived to the agreed-upon meet location driving a grey Jeep with co-defendant CARRADA in the passenger seat. ALVARADO and CARRADA delivered the buyer 481 pills containing fentanyl in exchange for $500. DEA laboratory testing subsequently confirmed that the pills contained N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] Propanamide (commonly known as fentanyl) with a net weight of 51 grams.

5.   In furtherance of the conspiracy, Defendant's co-conspirators also mailed parcels using the United States Postal Service on or about December 19, 2023, July 22, 2024, January 15, 2025, and February 18, 2025. These parcels were seized by law enforcement, searched pursuant to search warrants, and laboratory testing confirmed them to contain 423.7 grams of pure methamphetamine, 6,449.93 grams of pure methamphetamine, 13.89 grams of fentanyl, and 969.48 grams of cocaine, respectively.

6.   Methamphetamine, fentanyl, and cocaine are Schedule II controlled substances.

7.   Defendant knew the substances he and his co-conspirators were distributing were methamphetamine, fentanyl, cocaine, or some other federally controlled substances.

### Count 2

1.   Beginning no later than April 5, 2023, and continuing until at least December 7, 2023, Defendant willfully sold and ~~directed~~ coordinated the sale of firearms to the buyer on at least eight occasions in the Southern District of California.

2.   During this period, Defendant did not have a license as a firearms dealer. As part of his firearms business, Defendant and co-defendants Jovanni VILLA and Mauricio ALVARADO sold the buyer firearms, magazines, and ammunition. Specifically:

   a. On or about April 5, 2023, as described above, Defendant sold the buyer a Glock, Model: 42, serialized semi-automatic .380 caliber pistol with four rounds of Federal .380 ammunition. The buyer paid Defendant $1,000 for the firearm and ammunition.

   b. Defendant and the buyer continued communicating via social media leading up to June 13, 2023, during which

8

Def. Initials _____

25-CR-3467-DMS

time Defendant negotiated the sale of an AR-style rifle for $1,600. Defendant arranged for co-defendant Mauricio ALVARADO to deliver the firearm to the buyer at the pre-arranged transaction location in Escondido, California, within the Southern District of California, and on June 13, 2023, as arranged by Defendant, ALVARADO met the buyer and sold the buyer a privately made firearm, specifically an AR 9-millimeter pistol, bearing no serial number, in exchange for $1,600.

c. Defendant and the buyer continued communicating on social media, and on September 5, 2023, they negotiated the sale of a revolver for $1,100. The following day, on September 6, 2023, the buyer drove to the pre-arranged transaction location in San Marcos, California, within the Southern District of California. Defendant again told the buyer that his "boy" would be delivering the firearm. ALVARADO then arrived to the deal location on behalf of Defendant and gave the buyer a plastic bag containing a revolver and ammunition in exchange for $1,100.

d. The firearm and ammunition referenced above consisted of a Smith & Wesson revolver, Model: 60 Ladysmith, .38 caliber, bearing serial number BSE5414, and six rounds of Smith & Wesson, .38 caliber ammunition.

3. Finally, while in custody, Defendant ~~directed~~ coordinated with his co-conspirator, Jovanni VILLA, to conduct the following sales, all of which were completed by VILLA within the Southern District of California on or about the following dates:

a. September 20, 2023: a Privately Made Firearm ("PMF") AR platform, caliber: .223 pistol in exchange for $1,800.

b. September 27, 2023: a Glock-style, .40 caliber Polymer 80 (P80 Tactical) Privately Made Firearm (PMF), Model: PF940C, a high-capacity magazine, and 11 rounds of .40 caliber ammunition in exchange for approximately $1,100.

c. October 10, 2023: a P80 9-mm pistol with 34 rounds of assorted 9-mm ammunition in exchange for $1,100.

d. November 21, 2023: a Short Barrel PMF for approximately $2,000.

e. December 7, 2023: a stolen Taurus; Model: PT24/7 OSS DSS; Caliber: .40 semi-automatic pistol, bearing serial number SBO97831 and a stolen Glock Inc.; Model: 36; Caliber: .45 semi-automatic pistol, bearing serial number HLF301 in exchange for $2,400.

Def. Initials _____

25-CR-3467-DMS

4.   The firearms described above all functioned properly.

5.   Defendant either personally sold or directed the sales of all of the firearms described above intending to make a profit.

### III

### PENALTIES

Defendant understands that the crimes to which Defendant is pleading guilty carry the following penalties:

### Count 1

A.   a maximum of 40 years in custody, and a mandatory minimum of 5 years in custody;

B.   a maximum $5,000,000 fine;

C.   a mandatory special assessment of $100.00 per count;

D.   a term of supervised release of at least 4 years and up to life [Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison, upon any such revocation, all or part of the statutory maximum term of supervised release for the offense that resulted in such term of supervised release];

E.   Possible ineligibility for certain federal benefits; and

F.   Forfeiture to the United States of all property, real and personal, that constitutes or is derived from proceeds Defendant obtained, directly or indirectly, from the offense and forfeiture of all property, real and personal, used or intended to be used to commit or to facilitate the commission of the offense.

### Count 2

A.   a maximum of 5 years in custody;

B.   a maximum $250,000 fine;

C.   a mandatory special assessment of $100.00 per count;

D.   a term of supervised release of no more than 3 years. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison, upon any such revocation, all or part of the statutory maximum term of

10                    Def. Initials _____
                      25-CR-3467-DMS

supervised release for the offense that resulted in such term of supervised release;

E.   forfeiture to the United States of all property, real and personal, that constitutes or is derived from proceeds Defendant obtained, directly or indirectly, from the offense and forfeiture of all property, real and personal, used or intended to be used to commit or to facilitate the commission of the offense; and

F.   possible ineligibility of certain federal benefits.

**IV**

**DEFENDANT'S WAIVER OF TRIAL RIGHTS
AND UNDERSTANDING OF CONSEQUENCES**

This guilty plea waives Defendant's right at trial to:

A.   Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B.   A speedy and public trial by jury;

C.   The assistance of counsel at all stages of trial;

D.   Confront and cross-examine adverse witnesses;

E.   Testify and present evidence and to have witnesses testify on behalf of defendant; and

G.   Not testify or have any adverse inferences drawn from the failure to testify.

**V**

**DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE
PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION**

Any information establishing the factual innocence of Defendant known to the undersigned prosecutor in this case has been turned over to Defendant. The Government will continue to provide such information establishing the factual innocence of defendant.

If this case proceeded to trial, the Government would be required to provide impeachment information for its witnesses. In addition, if Defendant raised an affirmative defense, the Government would be required to provide information in its possession that supports such a

11

Def. Initials _____

25-CR-3467-DMS

defense. By pleading guilty, defendant will not be provided this information, if any, and defendant waives any right to this information. Defendant will not attempt to withdraw the guilty plea or file a collateral attack on the existence of this information.

## VI

## DEFENDANT'S REPRESENTATION THAT GUILTY PLEA IS KNOWING AND VOLUNTARY

Defendant represents that:

A.    Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. By pleading guilty, Defendant may be giving up, and rendered ineligible to receive, valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. The conviction in this case may subject Defendant to various collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case; debarment from government contracting; and suspension or revocation of a professional license, none of which can serve as grounds to withdraw Defendant's guilty plea;

B.    No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the court;

C.    No one has threatened Defendant or Defendant's family to induce this guilty plea;

D.    Defendant is pleading guilty because Defendant is guilty and for no other reason.

E.    The disposition contemplated by this agreement is part of a "package" disposition with codefendant Jovanni VILLA. If any defendant in the package fails to perform or breaches any part of their agreement, no defendant can withdraw their guilty plea, but the Government is relieved from and not bound by any terms in any agreements in the package.

//
//
//
//
//
//
//

12

Def. Initials _____
25-CR-3467-DMS

## VII

### **AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE, <u>SOUTHERN DISTRICT OF CALIFORNIA</u>**

This plea agreement is limited to the United States Attorney's Office for the Southern District of California and cannot bind any other authorities in any type of matter, although the Government will bring this plea agreement to the attention of other authorities if requested by Defendant.

## VIII

### <u>APPLICABILITY OF SENTENCING GUIDELINES</u>

The sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a).  In imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account.  Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory.  The Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction.  The sentence cannot be determined until a presentence report is prepared by the U.S. Probation Office and defense counsel and the Government have an opportunity to review and challenge the presentence report.  **Defendant agrees to request that a presentence report be prepared**.  Nothing in this plea agreement limits the Government's duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

## IX

### <u>SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE</u>

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B).  The sentence is within the sole discretion of

13

Def. Initials _____
25-CR-3467-DMS

the sentencing judge who may impose the maximum sentence provided by statute.  It is uncertain at this time what Defendant's sentence will be.  The Government has not made and will not make any representation as to what sentence Defendant will receive.  Any estimate of the probable sentence by defense counsel is not a promise and is **not binding on the Court**.  Any recommendation made by the Government at sentencing is also not binding on the Court.  If the sentencing judge does not follow any of the parties' sentencing recommendations, Defendant will not withdraw the plea.

**X**

**PARTIES' SENTENCING RECOMMENDATIONS**

A.   SENTENCING GUIDELINE CALCULATIONS

Although the Guidelines are only advisory and just one factor the Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments, and Departures:

Counts 1 and 2[1]

| | | |
|---|---|---|
| 1. | Base Offense Level [§2D1.1] | 38* |
| 2. | Poss. of Dangerous Weapon (including a firearm) [§2D1.1(b)(1)] | +2 |
| 3. | Aggravating Role [§ 3B1.1(a)] | +4[2] |
| 4. | Acceptance of Responsibility [§ 3E1.1] | -3 |

**\*   A laboratory has weighed and performed a chemical analysis of the substances involved in this offense and has determined them to contain approximately 8.59 kilograms of methamphetamine (actual) and**

---

[1]   The parties agree that Counts 1 and 2 group under §§ 3D1.2 to 3D1.4.

[2]   Defendant may argue against the applicability of this adjustment.

14

Def. Initials

25-CR-3467-DMS

**353.59 grams of a mixture and substance containing a detectable amount of fentanyl.  If defendant is determined to be a career offender pursuant to USSG § 4B1.1(a), the applicable base offense level shall be determined pursuant to USSG § 4B1.1(b).  Furthermore, defendant may be ineligible for any role reduction.**

    B.    <u>ACCEPTANCE OF RESPONSIBILITY</u>

Despite paragraph A above, the Government need not recommend an adjustment for Acceptance of Responsibility if defendant engages in conduct inconsistent with acceptance of responsibility including, but not limited to, the following:

    1.    Fails to truthfully admit a complete factual basis as stated in the plea at the time the plea is entered, or falsely denies, or makes a statement inconsistent with, the factual basis set forth in this agreement;

    2.    Falsely denies prior criminal conduct or convictions;

    3.    Is untruthful with the Government, the Court or probation officer; or

    4.    Breaches this plea agreement in any way.

    C.    FURTHER ADJUSTMENTS AND SENTENCE REDUCTIONS <u>INCLUDING THOSE UNDER 18 U.S.C. § 3553</u>

Defendant **may** request or recommend additional downward adjustments, departures, or variances from the Sentencing Guidelines under 18 U.S.C. § 3553. The Government will oppose any downward adjustments, departures, or variances not set forth in Section X, paragraph A above.

    D.    <u>NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY</u>

The parties have **no** agreement as to Defendant's Criminal History Category, except that, if Defendant is determined to be a Career Offender, the parties agree that the Defendant is automatically a Criminal History Category VI pursuant to USSG § 4B1.1(b).

//

15

Def. Initials _____

25-CR-3467-DMS

E.    "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION

The facts in the "factual basis" paragraph of this agreement are true and may be considered as "relevant conduct" under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

F.    PARTIES' RECOMMENDATIONS REGARDING CUSTODY

The United States agrees to recommend the greater of: a sentence within the advisory guideline range as calculated by the Government after incorporating a variance under Section 3553(a) equivalent to two levels under the Guidelines;[3] the statutory mandatory minimum sentence, if applicable; or the time served in custody at the time of sentencing. Defendant agrees not to recommend a sentence less than 96 months in custody.

G.    SPECIAL ASSESSMENT/FINE

1. Special Assessment

The parties will jointly recommend that Defendant pay a special assessment in the amount of $100.00 per felony count of conviction to be paid forthwith at time of sentencing.  The special assessment shall be paid through the Office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

//
//

---

[3]    The recommendation for downward variance takes into account the expeditious resolution of the case, in that Defendant did not file any substantive motions, and Defendant's full waiver of appeal. The Government reserves the right to reduce its recommended departure if defendant does not proceed to sentencing on the first date set by the Court unless the parties agree to a continuance or sentencing is continued on the Court's own motion.

16                        Def. Initials
                          25-CR-3467-DMS

2.   Fine

The parties have no agreement regarding a fine. The United States may recommend the imposition of a fine, and Defendant may oppose.

H.   SUPERVISED RELEASE

The Government is free to recommend a period of supervised release. If the Court imposes a term of supervised release, Defendant will not seek to reduce or terminate early the term of supervised release until Defendant has served at least two-thirds of the term of supervised release and has fully paid and satisfied any special assessments, fine, criminal forfeiture judgment and restitution judgment.

**XI**

**DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK**

Defendant waives (gives up) all rights to appeal and to collaterally attack every aspect of the conviction and sentence, including any forfeiture or restitution order. This waiver includes, but is not limited to, any argument that the statute of conviction or Defendant's prosecution is unconstitutional and any argument that the facts of this case do not constitute the crime charged. The only exception is Defendant may collaterally attack the conviction or sentence on the basis that Defendant received ineffective assistance of counsel.

If Defendant believes the Government's recommendation is not in accord with this plea agreement, Defendant will object at the time of sentencing; otherwise the objection will be deemed waived.

If at any time Defendant files a notice of appeal, appeals or collaterally attacks the conviction or sentence in violation of this plea agreement, said violation shall be a material breach of this agreement as further defined below.

17

Def. Initials _____
25-CR-3467-DMS

## XII

### **BREACH OF THE PLEA AGREEMENT**

Defendant and Defendant's attorney know the terms of this agreement and shall raise, before the sentencing hearing is complete, any claim that the Government has not complied with this agreement. Otherwise, such claims shall be deemed waived (that is, deliberately not raised despite awareness that the claim could be raised), cannot later be made to any court, and if later made to a court, shall constitute a breach of this agreement.

Defendant breaches this agreement if defendant violates or fails to perform any obligation under this agreement. The following are non-exhaustive examples of acts constituting a breach:

A.   Failing to plead guilty pursuant to this agreement;

B.   Failing to fully accept responsibility as established in Section X, paragraph B, above;

C.   Failing to appear in court;

D.   Attempting to withdraw the plea;

E.   Failing to abide by any court order related to this case;

F.   Appealing (which occurs if a notice of appeal is filed) or collaterally attacking the conviction or sentence in violation of Section XI of this plea agreement; or

G.   Engaging in additional criminal conduct from the time of arrest until the time of sentencing.

If Defendant breaches this plea agreement, Defendant will not be able to enforce any provisions, and the Government will be relieved of all its obligations under this plea agreement. For example, the Government may proceed to sentencing but recommend a different sentence than what it agreed to recommend above. Or the Government may pursue any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this agreement (Defendant agrees that any

18

Def. Initials

25-CR-3467-DMS

statute of limitations relating to such charges is tolled indefinitely as of the date all parties have signed this agreement; Defendant also waives any double jeopardy defense to such charges). In addition, the Government may move to set aside defendant's guilty plea. Defendant may not withdraw the guilty plea based on the Government's pursuit of remedies for Defendant's breach.

Additionally, if Defendant breaches this plea agreement: (i) any statements made by Defendant, under oath, at the guilty plea hearing (before either a Magistrate Judge or a District Judge); (ii) the factual basis statement in Section II.B in this agreement; and (iii) any evidence derived from such statements, are admissible against defendant in any prosecution of, or any action against, defendant. This includes the prosecution of the charge(s) that is the subject of this plea agreement or any charge(s) that the prosecution agreed to dismiss or not file as part of this agreement, but later pursues because of a breach by the Defendant. Additionally, Defendant knowingly, voluntarily, and intelligently waives any argument that the statements and any evidence derived from the statements should be suppressed, cannot be used by the Government, or are inadmissible under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and any other federal rule.

### XIII

### CONTENTS AND MODIFICATION OF AGREEMENT

This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral. No modification of this plea agreement shall be effective unless in writing signed by all parties.

### XIV

19

Def. Initials _____

25-CR-3467-DMS

**DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT**

By signing this agreement, defendant certifies that defendant has read it (or that it has been read to defendant in defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

**XV**

**DEFENDANT SATISFIED WITH COUNSEL**

Defendant has consulted with counsel and is satisfied with counsel's representation. This is defendant's independent opinion, and defendant's counsel did not advise defendant about what to say in this regard.

Respectfully submitted,

ADAM GORDON
United States Attorney

*Evangeline Dech*

3/26/2026
_____            _____
DATED                              JILL S. STREJA
                                   EVANGELINE A. DECH
                                   Assistant U.S. Attorneys

03-26-26
_____            _____
DATED                              MEGHAN ANNETTE BLANCO
                                   Defense Counsel

**IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE.**

03-26-26
_____            _____
DATED                              JOSE MONTES
                                   Defendant

20                                 Def. Initials _____
                                   25-CR-3467-DMS